UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER BENNETT<br>701 I Street S.E., Unit B-08<br>Washington, DC 20003<br><br>    *Plaintiff*<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br>441 4th Street N.W.,<br>Washington, DC 20001<br><br>    *Defendant*. | Case No. 18-cv-1839<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Comes now, Plaintiff Christopher Bennett, by and through undersigned counsel, brings this action against Defendant D.C. Office of the Chief Technology Officer ("OCTO" or the "Agency"), to redress discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), *as amended*, 29 U.S.C. § 621 *et seq.*

### JURISDICTION AND VENUE

1. Events at issue occurred at the OCTO office located at 200 I Street, S.E., Washington, DC 20003.

2. This Court has federal question jurisdiction with regard to Plaintiff's Title VII and ADEA claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the majority of events that underlie this action took place in the District of Columbia.

4.  Plaintiff timely filed a charge of discrimination based on race, color, national origin, age, and retaliation with the United States Equal Employment Opportunity Commission ("EEOC").

5.  This lawsuit is brought within ninety (90) days of Plaintiff's receipt of the notice of right to file suit from the EEOC.

## PARTIES

6.  Plaintiff Christopher Bennett is an individual residing at 701 I Street, S.E., Unit B-08, Washington, DC 20003. Plaintiff was at all times relevant hereto an employee of the Agency within the meaning of Title VII and the ADEA. Plaintiff is an African-American male who was over the age of 45 at all times relevant hereto.

7.  Defendant The Office of the Chief Technology Officer ("OCTO" or the "Agency") is an agency with the government of the District of Columbia.

## FACTUAL BACKGROUND

8. Plaintiff Christopher Bennett began his employment at OCTO in 2006.

9. His job classification at the times relevant to this action was "Government IT Program Director/Manager."

10. In April 2016, the Agency confirmed a new Director, an Asian female.

11. After appointing the new Director, several African-American men over forty were released, not promoted, moved to other departments, denied training, or unfairly disciplined.

12. Because of the new Director, Mr. Bennett grew frustrated at work, feared for his job, and was unable to execute his tasks and assignments.

13. After April 2016, supervisors and other members of OCTO regularly refused to respond to Mr. Bennett's communications and requests for meetings.

14. Mr. Bennett's supervisors regularly withheld financial and other information necessary for him to complete his work assignments.

15. The withholding of necessary information directly affected Mr. Bennett's ability to complete the essential functions of his position.

16. Mr. Bennett was the only African-American male assigned to the DC Net Fiber Optic Network Program.

17. Mr. Bennett also brought up issues about financial improprieties at OCTO to his supervisors.

18. Defendant withheld information about the financial improprieties that Mr. Bennett alleged.

19. Mr. Bennett complained to his supervisors and other members of OCTO that he was unable to complete the function of his position because he was being denied essential information on the basis of his race, national origin, and age.

20. Mr. Bennett complained to his supervisors and other members of OCTO that he was assigned to the DC Net Fiber Optic Network Program because of his race, national origin, and age.

21. Mr. Bennett's supervisors and members of OCTO, however, did not provide any recourse or address any of the alleged problems.

22. On or around April 15, 2016, Mr. Bennett was informed that he was being terminated, effective April 29, 2016.

23. Mr. Bennett's termination did not follow the necessary process, was not reviewed or approved by OCTO general counsel, and was not based on Mr. Bennett's performance or any other rational basis.

24. Mr. Bennett was replaced by a younger, female, white employee.

25. Around the same time as Mr. Bennett's termination, another African American male who was employed as a Deputy Chief Technology Officer was also discharged.

## COUNT I
### Title VII – Discrimination on Basis of Race, National Origin, and Sex

26. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

27. Plaintiff is a member of a protected class.

28. Plaintiff was subjected to an adverse employment action when Defendant, through its employees or agents, refused to respond to his communications and requests, failed to redress the issues of discrimination brought up by Plaintiff, and terminated his employment.

29. Plaintiff's termination gives rise to an inference of discrimination on the basis of his race and national origin because it was not based on any other rational basis, among other supporting evidence.

## COUNT II
### Title VII – Retaliation

30. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

31. Plaintiff engaged in statutorily protected activity by alerting his superiors of discrimination on the basis of race and national origin.

32. Defendant took an adverse action against Plaintiff by terminating his employment.

33. Defendant terminated Plaintiff's employment because Plaintiff complained about the discrimination that was occurring due to race and national origin.

## COUNT IV
### ADEA – Discrimination on Basis of Age

34. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

35. Plaintiff is a member of a protected class.

36. Plaintiff was subjected to an adverse employment action when Defendant, through its employees or agents, refused to respond to his communications and requests, failed to redress the issues of discrimination brought up by Plaintiff, and terminated his employment.

37. Plaintiff's termination gives rise to an inference of discrimination on the basis of his age because it was not based on any other rational basis, among other supporting evidence.

## COUNT VI
### Title VII – Retaliation

38. Plaintiff hereby re-alleges and incorporates by reference the foregoing allegations contained in the Complaint.

39. Plaintiff engaged in statutorily protected activity by alerting his superiors of discrimination on the basis of age.

40. Defendant took an adverse action against Plaintiff by terminating his employment.

41. Defendant terminated Plaintiff's employment because Plaintiff complained about the discrimination that was occurring due to age.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

An award in favor of Plaintiff against Defendant for all damages sustained as a result of Defendant's wrongdoing, in an amount to be proven at trial, and including:

a. Compensatory damages, including, but not limited to, future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

   b. Back pay, including the value of lost benefits;

   c. Front pay, including the value of lost benefits;

   d. Attorneys' fees and costs;

   e. Expenses;

   f. Pre-judgment interest;

   g. Post-judgment interest;

   h. Equitable remedies, including, but not limited to, reinstatement;

   i. Such other and further relief, in law or in equity, as the Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable by jury.

Date: August 6, 2018                                        Respectfully submitted,

/s/ *Matthew R. Gardner*
Matthew R. Gardner
BAILEY & EHRENBERG PLLC
1015 18th Street, N.W., Suite 204
Washington, D.C. 20036
Tel: (202) 331-1331
Fax: (202) 318-7071
Email: mrg@becounsel.com

*Counsel for Plaintiff*